UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
Case No. _____

| | |
|---|---|
| KOURTNEY CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | )   **COMPLAINT** |
| FLORENCE ONE SCHOOLS, | ) |
| | )   (JURY TRIAL DEMANDED) |
| Defendants. | ) |
| _____ | ) |

This is an action bought to remedy discrimination and retaliation on the basis of race and sex in the terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII"). This is an action bought to remedy discrimination and retaliation on the basis of pregnancy in the terms, conditions and privileges of employment in violation of the Pregnancy Workers Fairness Act, 42 U.S.C. §2000gg, *et.seq.* ("PWFA").

This Court has jurisdiction of this matter under 42 U.S.C. § 2000e -5(f), and under 28 U.S.C. §§ 1331 and 1343(4).

Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because Florence One Schools is located within the District of South Carolina, Florence; and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within the District of South Carolina, Florence Division.

1

Plaintiff, an African American mother, has been an employee of Florence One Schools since July 1, 2023, and has been subjected to disparate treatment and adverse employment in violation of her civil rights; and as a result, Plaintiff suffered damages as set forth herein.

The Plaintiff would show unto this Honorable Court as follows:

1. Plaintiff is an African American female citizen of the United States and a resident of Florence County, South Carolina, formerly employed with Defendant, Florence One Schools, most recently as a Lead School Counselor.

2. Plaintiff is informed and believes that Defendant, FLORENCE ONE SCHOOLS ("FSD1"), is a governmental entity providing education, created pursuant to the laws of the State of South Carolina, domiciled in Florence, South Carolina and operating under the laws and Constitution of the State of South Carolina. Defendant may be served a copy of this complaint on their agent for service who is the Superintendent.

3. On information and belief, at all times relevant to the allegations in this complaint, FSD1 has purchased liability insurance; and FSD1 was authorized to and did waive any immunity from civil liability under state or federal causes of action by purchasing liability insurance, either by contract with an insurance company or by participation in an insurance risk pool that covers the claims raised in this lawsuit.

4. Defendant FSD1 is an employer within the meaning of 42 U.S.C. §12111 5(A).

5. On July 7, 2025, the Equal Employment Opportunity Commission issued a Determination and Notice of Rights letter informing Plaintiff of her right to sue FSD1 (EEOC 436 - 2025 - 02330).

6. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court and filed a timely charge of discrimination and retaliation; and brings this action within a timely manner after receipt of the Notice of Right to Sue.

7. Plaintiff began her employment with Defendant as a Lead School Counselor in July 2023, and the last held position was Lead School Counselor at South Florence High School under the supervision of Shand Josey, Principal.

8. Plaintiff has been performing satisfactorily since hire, and has received no negative evaluations or significant disciplinary history.

9. Over the course of employment under FSD1, Plaintiff was subjected to discrimination based on race and gender and pregnancy; and, related to protected activity giving rise to this litigation, Plaintiff was subjected to retaliation. Plaintiff has been the victim of Defendant's Title VII violations and PWFA violations, in the following ways, including but not limited to:

   a. Plaintiff, an African American female, was hired in 2023 to work 240 days and receive the corresponding salary per Defendant's compensation scale; when Plaintiff separated from Defendant in 2025, Defendant had demoted Plaintiff to work 200 days and receive the corresponding salary per Defendant's compensation scale.

   b. Over the course of Plaintiff's employment, Plaintiff became pregnant, and the most recent pregnancy required an extended maternity leave.

   c. Plaintiff requested certain professional trainings and Defendant denied her request due to "upcoming maternity leave".

d.   Plaintiff informed her employer around December 2024 of her need for maternity leave beginning April 17, 2025.

e.   Defendant Principal of South Florence High School notified Plaintiff on April 16, 2025, that her job title, contract and salary would change and report to district office. Plaintiff had no prior warnings, discipline or notice of this demotion.

f.   Plaintiff questioned her demotion and was informed by Defendant representatives at the district office that she was only entitled to 190 day contract, and that Plaintiff's reduction in days, and therefore reduction in pay, was not a demotion.

g.   On June 2, 2025 Defendant announced in a school wide assembly that a another counselor would be added to the department and a second counselor would be promoted to the position Plaintiff held as lead counselor. Both counselors are caucasian. The counselor who assumed Plaintiff's job duties, is Caucasian with less experience and was assigned tasks typically reserved for lead counselors. The counselor who was added to the department is Caucasian with less experience and her hire caused Plaintiff to be demoted again within the counseling department to freshman counselor. Plaintiff was on maternity leave during these announcements.

h.   Over the course of employment, Plaintiff repeatedly requested meetings with the principal to discuss concerns and was told the principal was unavailable.

i.   The principal regularly interacts with the caucasian counselor, working with her and participating in meetings.

    j. Plaintiff was accused of being combative when she questioned counseling practices in which students were given disciplinary action if they were referred to counseling but did not return the counseling forms agreeing to services often covered by Medicaid. Caucasian employees are not deemed combative when questioning the lawfulness or ethics surrounding business practices. Plaintiff was demoted a week after questioning this business practice that resulted in potential false claims to Medicaid and being labeled as combative.

    k. As a result of the demotion, the workplace microaggressions, and employer mistreatment during pregnancy, Plaintiff was constructively discharged on or about June 2, 2025, as the discrimination and retaliation materially affected Plaintiff's status as an employee.

10. FSD1 was aware and made aware of the differences in treatment that Plaintiff was experiencing, from complaints and/or objection to the Human Resources Department and the principal. FSD1 not only condoned or ignored the discriminatory conduct, but later engaged in retaliatory practices after Plaintiff's protected activity.

11. Defendant's acts of discrimination and retaliation within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights.

12. Defendant's facially neutral policies and procedures were applied in a discriminatory and retaliatory manner and in a manner which had a disparate impact on Plaintiff.

13. Plaintiff was subjected and continues to be subjected to the discriminatory and retaliatory practices of Defendant employer as she was forced to separate

5

employment and was subjected to unwarranted stress over job security while pregnant.

14  As a result of the acts of discrimination based on race and retaliation, Plaintiff has suffered emotional distress and non economic damage, as well as harm to professional reputation through public demotions, financial harm due to demotion and lack of job security and resulting damage to career advancement opportunities.

## COUNT I
## (TITLE VII VIOLATIONS)

15. Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as if set forth herein.

16. Plaintiff is a member of a protected class as an African American female, and she was performing satisfactorily with positive evaluation and no history of significant discipline.

17. Plaintiff was subjected to unequal treatment as described above in the terms and conditions of employment with respect to granting trainings, job assignment, compensation, selection for demotion or reduction in force or reclassification, and access to leadership.

18. Defendant's treatment of Plaintiff resulted in emotional, financial and reputational harm.

19. Plaintiff engaged in protected activity when Plaintiff complained or contested unequal treatment with the Principal and the District Office.

20. Plaintiff also engaged in protected activity in disclosing her pregnancy and need for maternity leave to Defendant.

21. As a direct result of her pregnancy disclosure and need for leave, Plaintiff was subjected to disparate treatment as she was denied participation in trainings because of her upcoming maternity leave and she was demoted twice in an effort to cause reputational, financial and emotional harm to Plaintiff to the extent she would resign.

22. Defendant had no legitimate business reason for the conduct described in the paragraph above, and has failed to disclose a legitimate business reason for Plaintiff's denial of training and demotions.

23. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race and gender in violation of Title VII; and retaliated against Plaintiff after her protected activity of making complaints internally and with the discrimination agencies.

24. Plaintiff is now suffering and will continue to suffer irreparable injury and economic and non economic damages as a result of Defendant's discriminatory and retaliatory practices unless and until this Court grants relief.

## COUNT II
## (PREGNANT WORKERS FAIRNESS ACT VIOLATION)

25. Plaintiff has suffered injury, including immediate and irreparable injury, as a direct and proximate result of the Defendants' violation of all said rights as alleged herein.

26. Plaintiff has suffered loss of promoted employment positions, loss of corresponding pay, compensatory damage, emotional harm, as well as harm to reputation.

27. Since informing Defendant of medical leave, Defendant has engaged in unlawful employment practices against Plaintiff while employed at South Florence High School, in violation of 42 U.S.C. § 2000gg-1(1) and 42 U.S.C. § 2000gg-1(5).

28. Specifically, Plaintiff engaged in protected activity of requesting maternity leave and notifying Defendant of her pregnancy.

29. Plaintiff was then denied trainings and demoted twice over the course of her pregnancy and maternity leave.

30. Issuing adverse employment action against Plaintiff while requesting or while on maternity leave amounts to denial of a reasonable accommodation as the adverse employment actions caused Plaintiff's constructive discharge.

31. Plaintiff was a qualified employee under the PWFA because she could perform the essential functions of her job.

32. To the extent that Charging Party could not perfonn an essential function of the job due to maternity leave, she was qualified under the PWFA because the inability to perform that function was for a temporary period, the essential function could be performed in the near future, and the inability to perform the essential function could be reasonably accommodated.

33. Charging Party informed Defendant's supervisory and Human Resources personnel about known limitations related to, affected by, or arising out of her pregnancy, including the need for pregnancy-related medical appointments, and limitations (extended medical leave) related to, affected by, or arising out of pregnancy-related medical conditions.

34. Defendant denied Charging Party a reasonable accommodation to its policies by refusing to permit her to take time off for pregnancy-related medical appointments and limitations arising out of pregnancy-related medical conditions without incurring demotion of less days and entry level job assignment from lead assignment, which materially affected Plaintiff's status as an employee.

35. Defendant took adverse action in terms, conditions, and privileges of employment against Charging Party on account of her requesting reasonable accommodation to the known limitations related to her pregnancy or related medical conditions.

36. After experiencing a second demotion while witnessing caucasian counselors less qualified be assigned more favorable job assignments and lead counselor positions with more days, and being distressed by Defendant during pregnancy and maternity leave, Charging Party felt forced to resign her employment as she knew she felt forced out of her original position due to pregnancy in favor of counselors of a different race.

37. Defendant's unjustified discriminatory and retaliatory conduct resulted in Charging Party's termination or constructive discharge.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter a judgment:

A. Declaring that the acts and practices complained of are in violation of Title VII and PWFA ;

B. Enjoining and permanently restraining these violations of Title VII and PWFA ;

C. Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and retaliatory treatment of her, and make her whole

        for all earnings she would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension and other lost benefits, and liquidated damages pursuant to Title VII and PWFA;

D.    Awarding Plaintiff costs of this action together with reasonable attorney's fees as provided under Title VII and PWFA;

E.    Directing Defendant to pay Plaintiff compensatory damages and damages for emotional distress, mental anguish and humiliation, and other compensatory and punitive damages allowable under Title VII, PWFA, in the amount to be determined by a jury; and,

F.    Awarding Plaintiff such other and further relief as this Court deems just and proper.

                                WUKELA LAW FIRM

                        By:   s/ Pheobe A. Clark
                              **Pheobe A. Clark**
                              Federal ID No. 9888
                              Post Office Box 13057
                              Florence, SC  29504-3057
                              Phone: (843) 669-5634
October 2, 2025                Fax: (843) 669-5150